UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK BRIGGS,

    Plaintiff,

v.

    Case No. 2:25-cv-770-KCD-DNF

LOWE'S HOME CENTERS, LLC, A
FOREIGN LIMITED LIABILITY
COMPANY; AND ROB UECKER,

    Defendants.
_____/

## ORDER

Plaintiff Mark Briggs sues Lowe's Home Centers, LLC for injuries he sustained after a bucket of joint compound fell on him. (Doc. 14 at 1.)[1] The complaint also names Rob Uecker, who is the store manager where the accident occurred. Briggs originally filed his case in state court, but Uecker removed it here under 28 U.S.C. § 1441. Now before the Court is Briggs's motion to remand the case back to state court. (Doc. 14.) For the reasons below, the motion is **GRANTED**.

A case filed in state court may be removed here if it could have been brought in federal court. 28 U.S.C. § 1441(a). Pertinent here, federal courts "have original jurisdiction over . . . civil actions where [there is] diversity." *Stoni Med. Staffing v. Ally Fin.*, No. 4:23-CV-3, 2023 WL 11841026, at *2

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

(S.D. Ga. Sept. 26, 2023). Diversity jurisdiction is triggered when the parties are citizens of different states and the amount in controversy exceeds $75,000. *Hambrick v. Wal-Mart Stores E., LP*, No. 4:14-CV-66 CDL, 2014 WL 1921341, at *1 (M.D. Ga. May 14, 2014).

Briggs argues that there is a problem with both diversity of citizenship and the amount in controversy, and the removal was untimely. (Doc. 14.) Any of these issues alone would warrant remand, but the amount in controversy requirement is the most obvious stumbling block. So the Court will start—and stop—there.

The defendant seeking removal must establish diversity jurisdiction as of the removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Sammie Bonner Const. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003). This requires "facts supporting jurisdiction," not merely allegations. *Pretka*, 608 F.3d at 751; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994). If the removing defendant fails to satisfy its burden, then the "proper course of action is to remand the case[.]" *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Removal raises significant federalism concerns, so any doubt as to jurisdiction should be resolved in favor of remand. *See Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

The operative complaint is sparse on specifics. It merely alleges that Briggs "suffered bodily injury resulting in severe physical pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of preexisting injuries, if any, and loss of wages and loss of the ability to earn wages." (Doc. 10 ¶ 14.) Such generalized claims do not establish that the amount in controversy is likely to exceed $75,000. *See Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006).

So to meet their burden, Defendants turn to Briggs's pre-suit demand letter. A demand letter is not always determinative of the amount in controversy. This is because, "by their nature, settlement offers (particularly presuit) reflect a fair amount of puffing and posturing." *Gagnon v. Petsmart, Inc.*, No. 2:20-CV-676-FTM-38-MRM, 2020 WL 13356800, at *1 (M.D. Fla. Sept. 2, 2020). On the other hand, "settlement offers that provide specific information ... suggest the plaintiff is offering a reasonable assessment of the value of his claim." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009).

Briggs's settlement demand details $34,022.84 in medical bills. But it provides little else to help the Court assess his damages. Like the complaint, it makes only general references to pain and suffering. Without some evidence to understand how Briggs's injuries impact his life, we are left with

3

pure speculation that any non-economic injuries surpass $40,000. *See Johnson-Lang v. Fam. Dollar Stores of Fla., LLC*, No. 8:21-CV-902-VMC-CPT, 2021 WL 1625167, at *2 (M.D. Fla. Apr. 27, 2021) (remanding case when defendant "[did] not provide sufficient detail about [the plaintiff]'s pain and suffering or the other unspecified damages she has allegedly experienced"); *see also Reyes v. Stockhill*, 568 F. Supp. 3d 1288, 1292 (M.D. Fla. 2021) ("Courts will not speculate as to the value of damages for pain and suffering.").

Defendants also stress that Briggs will "not stipulate/cap damages under $75,000." (Doc. 21 at 7.) While this evidence is entitled to some weight, it is not enough to bridge the gap. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1230 (11th Cir. 2001). A plaintiff's silence or refusal to stipulate does not relieve the defendant of its burden to prove the amount in controversy. *Alshakanbeh v. Food Lion, LLC*, No. 3:06-cv-1094-J-12HTS, 2007 WL 917354, at *2 (M.D. Fla. Mar. 23, 2007).

Defendants are right that the Court must "apply common sense" in assessing the jurisdictional threshold. (Doc. 21 at 9.) Yet that assessment must still be based on evidence, not speculation. And here, the only concrete damages are $34,022.84 in medical bills. The remaining evidence consists of bare assertions of pain and suffering. Coupled with Defendants' failure to submit treatment records or any other facts about the severity of the alleged

4

injuries, the Court has little more than conjecture about the amount in controversy. *See, e.g.*, *Lima v. Litfin*, No. 8:21-CV-1722-VMC-TGW, 2021 WL 3185966, at *2 (M.D. Fla. July 28, 2021).

Resolving all uncertainties in favor of remand, as the Court must, Defendants have not met their burden of proving the requisite amount in controversy. *See Candelario v. USAA Cas. Ins. Co.*, No. 6:20-CV-2373-JA-LRH, 2021 WL 406262, at *2 (M.D. Fla. Feb. 5, 2021). Thus, the case must go back to state court.

One last issue. Defendants ask that "the remand be conditioned upon [Briggs's] agreement to stipulate/cap his damages to a maximum amount of $75,000." (Doc. 21 at 9.) First, Defendants cite no authority for such relief. "In our adversarial system, a claimant must present her case. It is not a court's job to conduct research to provide the proper support for [conclusory] arguments." *Herman v. Mr. Cooper Grp. Inc.*, No. 2:23-CV-948-JES-KCD, 2024 WL 3277021, at *1 (M.D. Fla. July 2, 2024). Second, since this Court lacks jurisdiction, it has no authority to bind the parties as they proceed below. *See, e.g.*, *Bayou Shores SNF, LLC v. Burwell*, No. 8:14-CV-1849-T-33MAP, 2014 WL 4101761, at *4 (M.D. Fla. Aug. 20, 2014) ("[A] court lacks the authority to provide injunctive relief once it has determined that it lacks jurisdiction over the underlying case."); *Ex parte McCardle*, 74 U.S. 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause.

5

Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Remand (Doc. 14) is **GRANTED**.

2. The Clerk is directed to remand this case to state court by transmitting a certified copy of this Order to the clerk for the Twentieth Judicial Circuit in and for Charlotte County, Florida. The state-court case was previously captioned 25000907CA.

3. Following remand, the Clerk shall terminate any pending motions, terminate all deadlines, and close the case.

**ENTERED** in Fort Myers, Florida on December 22, 2025.

Kyle C. Dudek
United States District Judge